IRVING, J.,
Dissenting.
1116. The majority finds that the safe-deposit box lease agreement executed by Marlene Harrell and her daughter, Marsha Paulette Foreman Grover, created a joint tenancy with the right of survivor-ship. I agree that it created a joint tenancy in the literal meaning of joint tenancy in that it provided for an equal ownership interest in the contents of the safe-deposit box. However, a true joint tenancy, one that provides for a right of survivorship, was not created because before such a tenancy can be created, the parties must express their intention to do so in the clearest of language so that there is no question as to their intentions. Here, Harrell and Grover did not use language that meets this threshold. Therefore, I dissent.
¶ 17. The agreement in question provides in pertinent part:
[Marlene Harrell and Paulette Grover] agree that each, or either of them is joint owner of the present and future contents of said box and said Bank is hereby authorized to permit access to said box by either of the undersigned and that in the event of the death of either [Harrell or Grover] the survivor shall have the right to withdraw said contents and upon said withdrawal said Bank shall be automatically relieved of any further obligation or responsibility to the heirs, legatees, devises, or legal representatives of the deceased.
¶ 18. The chancellor determined that the agreement was ambiguous on the question of right of survivorship and allowed parol evidence on the question of who was entitled to the contents of the safe-deposit box. The majority finds it unnecessary to consider parol evidence because “the terms of the [lease agreement] unambiguously created a joint tenancy with right of survivorship.”
¶ 19. I find the majority’s reasoning perplexing because the only language in the agreement remotely related to surviv-orship rights is the following sentence: “the survivor shall have the right to withdraw said contents and upon said withdrawal said Bank shall be automatically relieved of any further obligation or responsibility to the heirs, legatees, devisees or legal representatives of the deceased.” It is exceedingly clear to me from this language that the parties only addressed *446 the right of the survivor to withdraw the contents of the safe-deposit box with impunity to the bank for permitting the withdrawal. There is a great divide or chasm between the right of withdrawal and the right of ownership. The parties did not traverse this divide with the survivorship language used.
¶ 20. Although I agree with the majority’s finding that it is unnecessary to consider the issue of parol evidence, it is my view that not only is it unnecessary, it is error to consider it. Consequently, I find that the chancellor erred in doing so, because like the majority, I find that the lease agreement is unambiguous. It is well-settled law that when an instrument is unambiguous, parol evidence must not be allowed to alter its tei'ms.
¶ 21. In today’s case, it is clear that the parties created a joint tenancy, but it also is equally clear that they did not provide for a survivorship right of ownership, only a right of withdrawal. Since no right of survivorship was created, who then is entitled to the contents of the safe-deposit box? In my judgment, the case of In re Estate of Abernathy, 778 So.2d 123 (Miss.2001) answers the question. In Estate of Abernathy, our supreme court held:
The general rule established by this Court is that where a joint tenancy has been created by a clear and unambiguous agreement, and where there is no evidence to dispute that agreement, this Court will hold that a true joint tenancy exists with respect to the contents of a safe[-]deposit box. Our Court has held that the distinguishing characteristic of a joint tenancy is the right of survivor-ship. However, courts continue to hold that people must, by contract, purposely fasten survivorship rights to items kept in a safe[-] deposit box.
Id. at (¶ 24) (emphasis added) (citations omitted).
¶ 22. No fair reading of the lease agreement will yield the conclusion that Harrell and Grover “fastened] survivorship rights to [the] items kept in [their] safe[-]deposit box.” Therefore, the conclusion is inescapable that Harrell and Grover did not create a true joint tenancy, i.e., a joint tenancy with the right of survivorship.
¶ 28. For the reasons presented, I dissent. I would reverse and remand this case to the Chancery Court of Amite County with directions that an order be entered awarding to Grover’s estate one-half of the proceeds that existed in the safe-deposit box at the time of Grover’s death.